## Reily *v.* P. H. Glatfelter Company, Appellant.

*Negligence—Master and servant—Dangerous machine—Failure to instruct.*

In an action by a boy sixteen years old against his employer to recover damages for serious injuries to his hands which were caught between the rolls of a machine, at which he was directed to work, a verdict and judgment for the plaintiff will be sustained where the evidence for the plaintiff, although contradicted, tended to show that he was set to work by the foreman at the machine without instructions as to how to use it, and without warning as to its dangerous character.

Argued March 12, 1912. Appeal, No. 7, March T., 1912, by defendant, from judgment of C. P. York Co., Aug. T., 1909, No. 140, on verdict for plaintiff in case of Harvey Reily, by his mother and next friend, Amelia Reily, and Amelia Reily, in her own right, v. P. H. Glatfelter Company. Before Rice, P. J., Henderson, Morrison, Orlady and Head, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Wanner, J.

At the trial it appeared that the plaintiff, a boy sixteen years old, was injured on October 14, 1907, while working at a machine in a paper mill belonging to the defendant, his employer. The accident happened when the plaintiff was helping to take out some paper which had clogged between the rollers of the machine. His hands were caught between the rollers, and he lost one hand and several fingers of the other. He testified that he was ordered to work at the machine by the foreman, without instructions and without warning as to its dangerous character. In this he was directly contradicted by a number of defendant's witnesses who testified that he was employed as grease wiper, and had nothing to do with the operation of the machine in question.

The jury returned a verdict of $1,216.75 for Harvey

Reily and $283.25 for Amelia Reily, his mother.    The court entered judgment on the verdict for Harvey Reily and entered judgment for defendant n. o. v. against Amelia Reily.

*Error assigned* was in entering judgment on the verdict.

*H. C. Niles,* of *Niles & Neff,* with him *Paul O. Menges* and *John A. Hoober,* for appellant.

*J. S. Black,* with him *S. B. Meisenhelder* and *K. V. Keesey,* for appellee.

OPINION BY MORRISON, J., April 15, 1912:

This action was trespass to recover damages for personal injuries.    The plaintiff was a boy about sixteen years old and if he was entitled to recover at all, the amount of verdict and judgment is not asserted to be excessive.    Serious injuries were inflicted upon the boy by a machine in defendant's plant where he was employed.

All of the judges who sat at the argument agree that there was sufficient evidence to carry the plaintiff's case to the jury.    Although the weight of the evidence seems to be in favor of the defendant yet we think there is evidence, which if believed by the jury, with the legitimate inferences which could be drawn therefrom, to support the verdict.

A careful examination of the whole record convinces us that the case was tried with much care and ability and we cannot profitably attempt to add anything in support of the conclusion reached by the learned trial judge.    The charge is so thorough and so fair to the defendant that the able counsel for the appellant do not attempt to criticise it, except in so far as the court refused to give a binding instruction in favor of the defendant.

The record shows that the mother of the boy also sued in her own right and recovered a verdict, but the court below entered judgment as to her in favor of the defendant

non obstante veredicto and that case is not before us. We presume the court below found that she had not made out a case.

The assignments of error are all dismissed and the judgment is affirmed.